IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
September 2, 2010 Session

## THOMAS M. GAUTREAUX v.
## INTERNAL MEDICINE EDUCATION FOUNDATION, INC.

**Appeal by Permission from the Court of Appeals, Eastern Section
Chancery Court for Hamilton County
No. 08-0008 Part 2     Howell N. Peoples, Chancellor**

---

**No. E2008-01473-SC-R11-CV - Filed February 28, 2011**

---

Plaintiff requested records from a nonprofit foundation pursuant to the Tennessee Public Records Act. The nonprofit foundation refused the request, stating that the foundation was not a government agency and that the records were not public. Plaintiff filed a Petition for Access to Public Records in chancery court, which held that the records were available because the nonprofit foundation was the functional equivalent of a government agency. The Court of Appeals affirmed. We hold that the nonprofit foundation's records are not available pursuant to the Tennessee Public Records Act because it is not the functional equivalent of a government agency. We also hold that its records are not available pursuant to Tennessee Code Annotated section 10-7-503(d) (1999) because the nonprofit foundation has no more than two full-time staff members. We therefore reverse the judgment of the lower courts and dismiss the case.

**Tenn. R. App. P. 11 Appeal by Permission;
Judgment of the Court of Appeals Reversed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., GARY R. WADE, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Frederick L. Hitchcock and Douglas S. Griswold, Chattanooga, Tennessee, for the appellant, Internal Medicine Education Foundation, Inc.

James Scott McDearman, Matthew D. Brownfield, and John P. Konvalinka, Chattanooga, Tennessee, for the appellee, Thomas M. Gautreaux.

Tricia Herzfeld, Nashville, Tennessee, for the amicus curiae, The American Civil Liberties Union of Tennessee.

## OPINION

## I. Facts and Procedural History

We granted this appeal to determine if the Internal Medicine Education Foundation ("IMEF") is the functional equivalent of a government agency and whether it is subject to the Tennessee Public Records Act ("the Public Records Act"). Tenn. Code Ann. §§ 10-7-101 to -702 (1999 & Supp. 2010).

A group of University of Tennessee College of Medicine-Chattanooga Unit ("UTCOM") faculty members founded IMEF in 1977 as a tax-exempt entity qualified pursuant to 28 U.S.C. § 501(c)(3) (1976). The purpose of IMEF is to "provide educational programs, research and support services for the internal medicine residency program" at UTCOM.

UTCOM maintains a residency program at Chattanooga-Hamilton County Hospital Authority ("Erlanger"). UTCOM contracted with IMEF to record the hours during which UTCOM faculty members supervised residents at Erlanger and to pay UTCOM faculty members for teaching services performed at Erlanger. In return, UTCOM reimbursed IMEF for the payments to UTCOM faculty members. IMEF did not select faculty members, set their compensation levels, or direct the subjects or manner of their teaching. In addition, IMEF billed insurance companies and Medicare for services UTCOM faculty members provided to Erlanger patients. The faculty members assigned these receivables to IMEF in exchange for charitable tax deductions. IMEF's tax records indicate that from 2004 through 2006 the contracts from UTCOM provided more than 30 percent, and sometimes more than 50 percent, of the annual revenue for IMEF.

Pursuant to the Public Records Act, Thomas M. Gautreaux requested records from IMEF pertaining to payments made to or received from Erlanger, UTCOM, and various other entities and individuals. IMEF declined to provide the requested documents to Mr. Gautreaux, stating that IMEF was not a government agency and that its records did not constitute public records. Mr. Gautreaux filed a "Petition for Access to Public Records" in chancery court in Hamilton County pursuant to Tennessee Code Annotated section 10-7-505 (Supp. 2008), alleging that IMEF was the "functional equivalent of a public entity." Mr. Gautreaux also obtained an order requiring IMEF to appear and show cause as to why the petition should not be granted.

The trial court held an expedited hearing on the show cause order. The trial court concluded that IMEF is the functional equivalent of a government agency and is subject to the disclosure requirements of the Public Records Act. Because the trial court held that

IMEF was the functional equivalent of a government agency, it did not fully address the applicability of Tennessee Code Annotated section 10-7-503(d) (1999), which makes records of certain nonprofit organizations subject to the Public Records Act and provides exceptions for organizations meeting certain requirements.

The Court of Appeals affirmed the judgment of the trial court. We granted IMEF's application for permission to appeal.

## II. Analysis

The Public Records Act provides, in pertinent part, "All state, county, and municipal records shall, at all times during business hours, . . . be open for personal inspection by any citizen of this state . . . unless otherwise provided by state law." Tenn. Code Ann. § 10-7-503(a)(2)(A) (Supp. 2010).[1] The Public Records Act grants access to records of government agencies throughout the state. Cole v. Campbell, 968 S.W.2d 274, 275 (Tenn. 1998). The purpose of the Public Records Act is to promote public oversight of governmental activities. Memphis Publ'g Co. v. Cherokee Children & Family Servs., Inc., 87 S.W.3d 67, 74 (Tenn. 2002). This Court has interpreted the legislative mandate of the Public Records Act to be very broad and to require disclosure of government records even when there are significant countervailing considerations. Memphis Publ'g Co. v. City of Memphis, 871 S.W.2d 681, 684 (Tenn. 1994).

The Public Records Act, however, applies to more than records of government agencies. In Cherokee, this Court held that the records of a private entity are subject to the Public Records Act if the nature of the private entity's relationship with the government is so extensive that the entity is the "functional equivalent of a governmental agency." 87 S.W.3d at 78-79. Our purpose in concluding that private entities could be subject to the Public Records Act was to prevent government agencies from escaping the requirements of the Act by delegating their duties to private entities.[2] Id. at 78.

We first address whether the relationship between IMEF and a government agency is so extensive that IMEF is the functional equivalent of a government agency before

---

[1] The quoted language previously appeared in Tennessee Code Annotated section 10-7-503(a) (1999) (amended 2008).

[2] Subsequent to the initiation of the action in this case, the legislature amended the Public Records Act to provide that "[a] governmental entity is prohibited from avoiding its disclosure obligations by contractually delegating its responsibility to a private entity." Tenn. Code Ann. § 10-7-503(a)(6) (Supp. 2010).

addressing whether IMEF is subject to the requirements of the Public Records Act pursuant to Tennessee Code Annotated section 10-7-503(d).

## A. Functional Equivalence

Whether an entity's relationship with a government agency is so extensive that the entity is the functional equivalent of a government agency is a question of law to be determined by the totality of the circumstances. Cherokee, 87 S.W.3d at 74, 79. In Cherokee, the Court considered four non-exclusive factors in determining if an entity is the functional equivalent of a government agency: "[1] to what extent the entity performs a governmental or public function . . . [; 2] the level of government funding of the entity; [3] the extent of government involvement with, regulation of, or control over the entity; and [4] whether the entity was created by an act of the legislature or previously determined" to be subject to the Public Records Act. 87 S.W.3d at 79. Although we described the first factor as being "the cornerstone" of the analysis, no single factor is dispositive. Id. The Court cautioned, however, that private entities are not subject to the reporting requirements of the Public Records Act merely by providing services for, or doing business with, governmental entities. Id.

The first factor described in Cherokee requires us to determine the extent to which the entity performs a governmental or public function. In Cherokee, the Court determined that providing essential child care services was a governmental function and that Cherokee Children and Family Services' performance of this function made it the equivalent of a government agency. Id. at 79-80. The Court of Appeals applied the functional equivalence test described in Cherokee and determined that Corrections Corporation of America is the functional equivalent of a government agency because it provides prison services that the state is required to provide by article I, section 32 of the Tennessee Constitution. Friedman v. Corr. Corp. of Am., 310 S.W.3d 366, 375 (Tenn. Ct. App. 2009).

The contractual relationship between IMEF and UTCOM, however, is not the extensive performance of a governmental function contemplated by Cherokee or described in Friedman. UTCOM is a government agency that provides medical education. See Roberson v. Univ. of Tenn., 912 S.W.2d 746, 747-48 (Tenn. Ct. App. 1995) (holding that the University of Tennessee is a government agency for the purposes of the Tennessee Human Rights Act). The trial court found that one of the primary purposes of IMEF is "[t]o develop, support, and enhance the delivery of teaching, academic, clinical, and related services, by and for the Department of Medicine" at UTCOM. UTCOM, however, did not delegate the responsibility to manage or administer UTCOM's teaching program to IMEF. IMEF did not control whom UTCOM employed as a faculty member or the manner in which the faculty taught or supervised UTCOM's students. IMEF merely acted as a bookkeeper, paying

UTCOM faculty for the services the faculty rendered at Erlanger and receiving reimbursement from UTCOM for the payments to UTCOM faculty. We therefore conclude that IMEF's performance of the functions of UTCOM was not extensive and that the first <u>Cherokee</u> factor weighs in favor of holding that IMEF is not the functional equivalent of a government agency.

The second factor considered in <u>Cherokee</u> is the level of government funding of the entity. 87 S.W.3d at 79. The trial court found that for the years in question, 2004 through 2006, UTCOM paid substantial and significant funds to IMEF. However, the payments were reimbursement for expenditures IMEF made on behalf of UTCOM, and IMEF charged UTCOM no administrative fee. In substance, IMEF made short-term, interest-free loans to UTCOM to cover payroll expenses associated with UTCOM's teaching program at Erlanger. We conclude that this factor weighs in favor of finding that IMEF is not the functional equivalent of a government agency.

The third factor is the extent of government involvement with, regulation of, or control over the private entity. <u>Id.</u> IMEF asserts that there are no government officials who are members, officers, or directors of the foundation. The record reflects, however, that members of IMEF must be faculty members of UTCOM, a government agency. UTCOM designated the faculty members who were eligible for payments from IMEF and the payments to be made to each faculty member. UTCOM's control of IMEF, however, concerned only the contract governing the reimbursements for payments to UTCOM faculty, an activity that we have determined does not weigh in favor of finding that IMEF is the functional equivalent of UTCOM.

The fourth factor is whether the entity was created by a legislative act or previously determined to be subject to the Public Records Act. <u>Id.</u> IMEF was not created by a legislative act. IMEF was founded by a group of physicians who were UTCOM faculty members. Nothing in the record suggests that IMEF previously has been determined to be subject to the Public Records Act.

Considering the factors above in light of the totality of the circumstances, we hold that IMEF is not the functional equivalent of a government agency. <u>Id.</u> IMEF performed administrative duties for UTCOM. These duties, however, were merely ministerial, and IMEF did not have discretion in their performance. IMEF received significant funds from UTCOM, but these funds were the equivalent of payments of the principal on short-term loans. IMEF has not previously been held to be subject to the Public Records Act. As we stated in <u>Cherokee</u>, merely providing services for, or doing business with, a government agency does not render a private entity the functional equivalent of a government agency. 87 S.W.3d at 79.

**B. Tennessee Code Annotated Section 10-7-503(d)**

We have determined that IMEF is not the functional equivalent of a government agency. This determination, however, does not conclude our analysis.

In addition to providing that government records are available for public inspection, the Public Records Act also provides that the records of certain nonprofit entities are available to the public. Tenn. Code Ann. § 10-7-503(d). At issue in this case is whether the legislative grant of access to records of nonprofit entities as provided in Tennessee Code Annotated section 10-7-503(d) applies to IMEF and, if so, whether provisions in that subsection exempt IMEF.

The construction of a statute and its application to the facts of a case are questions of law, which we review de novo with no presumption of correctness. Larsen-Ball v. Ball, 301 S.W.3d 228, 232 (Tenn. 2010). If the language of the statute is unambiguous, it is our duty to follow it. Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008).

Tennessee Code Annotated section 10-7-503(d)(1) provides that the "records of any association or nonprofit corporation described in § 8-44-102(b)(1)(E)(i)[3] shall be open for inspection." Tenn. Code Ann. § 10-7-503(d)(1) (footnote added). The statute, however, provides several exceptions to the requirement that the records of a nonprofit corporation must be open. In its concluding paragraph, subsection (d)(1) states that "[t]he provisions of this subsection shall not apply to any association or nonprofit corporation described in

---

[3] Tennessee Code Annotated section 8-44-102(b)(1)(E)(i) (2002) is a provision of the Tennessee Open Meetings Act defining a "[g]overning body." It provides that "[t]he board of directors of any association or nonprofit corporation authorized by the laws of Tennessee" is a governing body if it:

> (a) Was established for the benefit of local government officials or counties, cities, towns or other local governments or as a municipal bond financing pool;
> (b) Receives dues, service fees or any other income from local government officials or such local governments that constitute at least thirty percent (30%) of its total annual income; and
> (c) Was authorized as of January 1, 1998, under state law to obtain coverage for its employees in the Tennessee consolidated retirement system.

The trial court made no specific findings of fact as to any of these elements.

§ 8-44-102(b)(1)(E)(i), that employs no more than two (2) full-time staff members."[4]  Tenn. Code Ann. § 10-7-503(d)(1).

The trial court made no specific finding that IMEF is a nonprofit corporation as described by Tennessee Code Annotated section 8-44-102(b)(1)(E)(i). In its findings of fact, however, the trial court concluded that IMEF has no full-time staff members. We accord the factual findings of the trial court a presumption of correctness unless the evidence preponderates against them. Bogan v. Bogan, 60 S.W.3d 721, 727 (Tenn. 2001). Nothing in the record that preponderates against this finding. We therefore conclude that IMEF is not required to make its records available to the public pursuant to Tennessee Code Annotated section 10-7-503(d) because it has no more than two full-time staff members.

### III.  Conclusion

We hold that because IMEF is neither the functional equivalent of a government agency nor subject to the requirements of the Public Records Act pursuant to Tennessee Code Annotated section 10-7-503(d), IMEF is not required to make its records available to the public. We reverse the judgment of the lower courts and dismiss the case. Costs are assessed against the appellee, Thomas M. Gautreaux, for which execution may issue, if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[4] In addition, the statute contains two other exceptions. Tennessee Code Annotated Section 10-7-503(d)(1) provides that the organization is exempt from subsection (d) if it meets an audit exception. Tennessee Code Annotated section 10-7-503(d)(2) provides that an organization is exempt if it is a tax exempt entity under the provisions of 26 U.S.C. § 501(c)(3) and it makes its Form 990 public after redacting certain information pursuant to Internal Revenue Services regulations.