IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 13, 2021 Session

## VANQUISH WORLDWIDE, LLC v. SENTINEL INSURANCE COMPANY, LTD ET AL.

**Appeal from the Circuit Court for Blount County**
**No. L-19518        David Reed Duggan, Judge**

_____

**No. E2020-01650-COA-R3-CV**

_____

Vanquish Worldwide, LLC, a Tennessee company that services contracts with the United States government, procured business insurance from Sentinel Insurance Company, Ltd., d/b/a The Hartford ("Sentinel") and American National Property and Casualty Company ("ANPAC") through insurance agent Steve Hardin. Vanquish later sought coverage for its payment of an arbitrated settlement with a subcontractor. Despite Mr. Hardin's assurance that Vanquish would have coverage for the dispute, Vanquish's claim was denied because it was outside the stated coverage of its insurance policies. Vanquish brought negligent misrepresentation and negligence claims against Mr. Hardin and against Sentinel and ANPAC on the basis of vicarious liability. The trial court granted summary judgment to Mr. Hardin, Sentinel, and ANPAC. Vanquish appeals. Because the unrebutted statutory presumptions of Tennessee Code Annotated § 56-7-135 effectively negate elements of each cause of action, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

D. Scott Hurley and Ryan N. Shamblin, Knoxville, Tennessee, for the appellant, Vanquish Worldwide, LLC.

Seth M. Friedman, Atlanta, Georgia, and Joshua J. Bond, Knoxville, Tennessee, for the appellee, Sentinel Insurance Company, Ltd.

William A. Simms, Knoxville, Tennessee, for the appellee, American National Property &

Casualty Companies.

Russell E. Reviere and N. Mark Kinsman, Jackson, Tennessee, for the appellees, Steven Douglas Hardin and Hardin Insurance Services.

## OPINION

### I. Factual and Procedural History

Vanquish provides vehicle maintenance, logistics, and base support services to United States and foreign government agencies and international aid organizations. In August of 2011, the U.S. government awarded Vanquish a contract to transport cargo, equipment, and other materials to military operation areas in Afghanistan ("the trucking contract"). The trucking contract required that the in-country trucking services be performed predominantly by Afghan nationals, so Vanquish entered into a subcontract with United Sadat Transportation and Logistics Co., Ltd. ("USC"). Under its agreement with USC, Vanquish would receive orders from the U.S. Government and then assign the tasks pertinent to the orders to USC. When the tasks were complete, Vanquish would invoice the U.S. Government and would pay USC after receiving payment from the government.

Vanquish purchased insurance through Steve Hardin/Hardin Insurance Services, and over a period of years, some of those insurance policies were issued through Sentinel and American National Property and Casualty ("ANPAC"). Before coverage was obtained through Sentinel or ANPAC, Mr. Hardin met with representatives of Vanquish, including Vanquish's principal, Eric Barton, over several months to discuss Vanquish's business activities. Steve Hardin was informed that Vanquish sought business liability coverage for the contract administration and claims bookkeeping that Vanquish performed under the trucking contract.

In April of 2013, a dispute arose between Vanquish and USC. USC asserted claims of unjust enrichment, breach of the implied covenant of good faith and fair dealing, fraud, conversion, and punitive damages, all of which were based on Vanquish's alleged refusal to pay USC for services under the trucking contract. In December of the same year, USC initiated arbitration proceedings against Vanquish. In its March 4, 2014 response to USC's request for arbitration, Vanquish admitted that it had not paid USC for invoices since May 2013, but stated that it was exercising its right under its contract with USC to withhold payment for its perceived losses.

In early 2014, Mr. Barton informed Mr. Hardin that a dispute regarding a "bookkeeping error" had been submitted to arbitration. Based on his conversation with Mr. Hardin, Mr. Barton alleged that Mr. Harding told him he "would handle it," and so Mr. Barton "assumed [there] would be either legal defense today or reimbursement later."

Shortly after learning about the arbitration, Mr. Hardin called Sentinel and ANPAC to notify them of the arbitration; at that time, Mr. Hardin was told that the claim might not be covered. Mr. Barton asserts that Mr. Hardin did not inform Vanquish until July 9, 2015, that there might not be insurance coverage for the claim. On November 19, 2015, Mr. Hardin informed Sentinel that Vanquish wanted to file a claim for indemnity coverage and the cost of its defense in the arbitration proceeding. Thereafter, Sentinel and ANPAC denied Vanquish's insurance claim on the ground that the claim did not involve an accident, property damage or bodily injury as required by the Sentinel and ANPAC policies.[1] On April 13, 2016, Vanquish and USC settled the arbitrated claim for $7 million. Vanquish incurred $900,000 in legal expenses for the arbitration.

On January 23, 2017, Vanquish filed a complaint in the Blount County Circuit Court, wherein it asserted claims against Mr. Hardin for negligence and negligent misrepresentation. Vanquish also asserted agency/respondeat superior claims against the insurance companies based on Mr. Hardin's actions.[2]

In late February/early March of 2020, all defendants filed motions for summary judgment. On October 12, 2020, the trial court heard the motions and found that there were no disputes of material fact and that the insurance policies did not provide coverage for the arbitrated claim, as the policies "unambiguously provide on their faces that there is coverage only for an 'occurrence,' which is defined in the policy as an accident involving bodily injury, property damage or personal and advertising injury." The trial court also held that Mr. Hardin had negated a necessary element of the negligent misrepresentation claim. The court reasoned that because there is "no insurance policy in the market that would have provided coverage to [Vanquish] for the dispute it had with USC," Mr. Barton's and Vanquish's reliance on Mr. Hardin's advice—to the extent that it was contrary to the facts and negligent—was not reasonable.[3] On November 10, 2020, the trial court entered an order granting summary judgment in favor of Sentinel and ANPAC; on November 16, 2020, the trial court entered an order granting Mr. Hardin's motion for summary judgment. Vanquish timely appealed.

---

[1] Because Vanquish does not dispute that the policies, on their face, did not cover the underlying dispute with USC, we will not belabor the policy details.

[2] Vanquish also asserted a claim of breach of contract against Sentinel and ANPAC for failure to pay claims on the policies they issued to Vanquish through Hardin Insurance Services. However, on appeal, Vanquish concedes that the policies as written do not provide coverage for its arbitration expenses in its dispute with USC.

[3] To make out a prima facie claim for negligent misrepresentation, a plaintiff must show reasonable or justifiable reliance on the misrepresentation. *McNeil v. Nofal*, 185 S.W.3d 402, 409 (Tenn. Ct. App. 2005).

## II. ISSUES

Vanquish raises two issues for review:

1. Whether the trial court erred in determining that the Hardin defendants were entitled to summary judgment.
2. Whether the trial court erred in determining that the Defendants Sentinel and ANPAC were entitled to summary judgment.

Each appellee presents similar issues for appeal. We reframe those issues as follows:

1. Whether the trial court erred in finding that Vanquish's reliance on Mr. Hardin's statements conflicting with the terms of Vanquish's insurance policy was not reasonable.
2. Whether Sentinel and ANPAC are vicariously liable for the negligence of Mr. Hardin.
3. Whether Sentinel and ANPAC are estopped from denying coverage to Vanquish based on statements made by Mr. Hardin to Eric Barton.[4]

## III. STANDARD OF REVIEW

Our review of a trial court's grant or denial of a motion for summary judgment is de novo, with no presumption of correctness. *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 748 (Tenn. 2015). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). In reviewing the trial court's grant of summary judgment, "[w]e must determine whether the moving party satisfied its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Grogan v. Uggla*, 535 S.W.3d 864, 868 (Tenn. 2017) (quotation omitted). Because the party moving for summary judgment bears the burden of proof, we view the evidence in favor of the non-moving party by resolving all reasonable inferences in its favor and discarding all countervailing evidence. *Parker v. Holiday Hosp. Franchising, Inc.*, 446 S.W.3d 341, 346–47 (Tenn. 2014).

---

[4] Appellees raise an additional issue of whether the trial court erred in finding that Vanquish's claims were not covered under the Sentinel and ANPAC policies because there was no "occurrence/accident resulting in any property damage or bodily injury or advertising." However, because Vanquish does not dispute this finding on appeal, it is unnecessary for us to address this question.

## IV. ANALYSIS

### A. Negligent misrepresentation claim against Steve Hardin

To make out a prima facie case for negligent misrepresentation, a plaintiff must prove the following by a preponderance of the evidence: (1) the defendant was acting in the course of his business, employment, or a transaction in which he has a pecuniary interest; (2) the defendant supplied information meant to guide others in their business decisions; (3) the information that the defendant supplied was false; (4) the defendant did not exercise reasonable care in obtaining or communicating the information; and (5) the plaintiff justifiably relied on the information. ***Homestead Grp., LLC v. Bank of Tenn.***, 307 S.W.3d 746, 751 (Tenn. Ct. App. 2009). "Justifiable reliance is a necessary element in a cause of action based upon negligent . . . misrepresentation." ***McNeil v. Nofal***, 185 S.W.3d 402, 409 (Tenn. Ct. App. 2005). However, "[j]ustifiable reliance . . . is *not* blind faith," ***id.*** at 408, and "[n]egligence by the user of the information may be a bar to recovery," ***id.*** at 410.

Vanquish does not dispute that the policies, as written, did not provide coverage against the loss or expenses it incurred in the settlement of the arbitrated dispute with USC. Nevertheless, Vanquish argues that the trial court erred in dismissing its negligent misrepresentation claim against Mr. Hardin because (1) in its Complaint it alleged a prima facie case for negligent misrepresentation; (2) "the [t]rial [c]ourt was aware that disputed issues of fact existed regarding [Vanquish's] reliance on the statements of [Mr.] Hardin"; and (3) the trial court granted summary judgment based on its determination of the reasonableness of the reliance, which is a question of fact for the jury. Vanquish asserts that the legal expenses it incurred in reliance on Mr. Hardin's alleged misrepresentations should be reimbursed.

It is true that "the reasonableness of a plaintiff's reliance on an alleged misrepresentation . . . is *generally* a question of fact inappropriate for summary judgment." ***Annaco, Inc. v. Corbin***, No. 02A01-9804-CH-00111, 1998 WL 929637, at \*4 (Tenn. Ct. App. Dec. 31, 1998) (citing ***City State Bank v. Dean Witter Reynolds, Inc.***, 948 S.W.2d 729, 737 (Tenn. Ct. App. 1996)). However, in cases involving policies of insurance, Tennessee Code Annotated § 56-7-135 provides, in relevant part:

> The signature of an applicant for or party to an insurance contract on an application, amendment, or other document stating the type, amount, or terms and conditions of coverage, shall create a rebuttable presumption that . . . the person signing such document has read, understands, and accepts the contents of such document.

Tenn. Code Ann. § 56-7-135(a). This statutory provision renders the question of the reasonableness of Vanquish's reliance a question of law. *See, e.g.*, ***Gautreaux v. Internal***

*Med. Educ. Found., Inc.*, 336 S.W.3d 526, 531 (Tenn. 2011) ("The construction of a statute and its application to the facts of a case are questions of law[.]")  Therefore, unless rebutted, the presumption that Vanquish's representative read, understood, and accepted the contents of the insurance policy necessarily means that Vanquish's reliance on any later statements that conflicted with the terms of the policies is not reasonable.

Tennessee Code Annotated section 56-7-135 is a burden-shifting statute.  ***Parveen v. ACG S. Ins. Agency, LLC***, 613 S.W.3d 113, 121 (Tenn. 2020); *accord* ***Harris v. Nationwide Mut. Fire Ins. Co.***, 92 F. Supp. 3d 736, 746 (M.D. Tenn. 2015), *aff'd*, 832 F.3d 593 (6th Cir. 2016).  Therefore, Vanquish must produce countervailing proof, because "[t]he presumption alone is sufficient to meet [Appellee's] burden of production of the fact presumed."  Neil P. Cohen et al., *Tennessee Law of Evidence* § 3.01[2][b] (6th ed. 2011).  On appeal, Vanquish does not assert that it successfully rebutted the statutory presumptions.  Indeed, from our review of the record, we conclude that Vanquish did not, in fact, rebut the statutory presumptions.  The unrebutted presumption of section 56-7-135(a) renders Vanquish's reliance on statements that conflict with its insurance policies unreasonable, thus negating a necessary element of negligent misrepresentation.

Nevertheless, Vanquish argues that the trial court erred when it "based its decision on the reasonableness of the reliance [because it] was aware that disputed issues of fact existed regarding [Vanquish's] reliance on the statements of [Mr.] Hardin.  Specifically, Vanquish asserts that:

> If Eric Barton had been told by Defendant Steve Hardin that the insurance coverage he requested was not available, or would not insure the contract administration and claims bookkeeping of Vanquish Worldwide, LLC, Eric Barton would have . . . (a) declined to have Vanquish Worldwide, LLC perform the contract administration and claims bookkeeping, . . . (b) instituted a plan and process to self-insure with reserves, . . . or (c) increased pricing so as to adjust for the increased risk.
>
> If Eric Barton/[Vanquish] had been timely informed by Steve Hardin that there might not be insurance coverage for the arbitration claim, Eric Barton would have sought to resolve the arbitration claims much earlier, and without incurring approximately $900,000.00 in legal defense [fees and] costs, which he was led to believe would be covered through the insurance that had been procured on behalf or Vanquish Worldwide, LLC by Steve Hardin.

Respectfully, the foregoing averments do not change our analysis.  Even assuming that Vanquish relied on misrepresentations by Mr. Hardin to its detriment, and that it would have mitigated its damages had Mr. Hardin provided accurate information, mere reliance is not an element of a negligence misrepresentation claim; the reliance must be justifiable.  *See* ***Homestead Grp., LLC***, 307 S.W.3d at 751; ***Pritchett v. Comas Montgomery Realty &***

***Auction Co., Inc.***, No. M2014-00583-COA-R3-CV, 2015 WL 1777445, at *3 (Tenn. Ct. App. Apr. 15, 2015) ("Justifiable or reasonable reliance involves two different issues: whether the plaintiff actually relied on the misrepresentation and whether that reliance was reasonable.")  Insofar as Vanquish concedes that the insurance policies did not provide coverage for the disputed claims, and insofar as Vanquish failed to rebut the presumptions set out in Tennessee Code Annotated section 56-7-135(a), the facts outlined above are not material.  *See **Byrd***, 847 S.W.2d at 215 ("A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed.").  As such, we affirm the trial court's grant of summary judgment dismissing the negligent misrepresentation claim.

### B.  General negligence against Steve Hardin

A plaintiff must establish five elements to prevail on a claim of negligence: (1) a duty of care owed by the defendant to the plaintiff; (2) breach of that duty of care by the defendant; (3) injury or loss; (4) causation in fact; and (5) proximate, or legal, cause.  ***King v. Anderson Cty.***, 419 S.W.3d 232, 246 (Tenn. 2013).

Vanquish contends that the trial court erred in granting summary judgment on its negligence claims because it "alleged a prima facie case for a negligence cause of action" and

> the following facts, which were deemed undisputed for purposes of a ruling on the summary judgment motions, not only support [Vanquish's] cause of action for misrepresentation, but also its broader claim for general negligence:
>> [Steve Hardin/Hardin Insurance Services] . . . misrepresented the insurance that was procured; . . . Hardin assured [Mr. Barton] that [Vanquish] was properly covered and "not to worry"; . . . Hardin undertook an evaluation of [Vanquish's] insurance and risk needs; . . . after learning about [Vanquish's] arbitration dispute, Hardin told [Mr. Barton] that Hardin would handle it, not to worry, and that either a defense would be provided, or reimbursement would occur later; and . . . Hardin apologized to [Mr. Barton] about the claim denial and said he thought there was coverage.
>
> Additionally, it was undisputed that between the time that [Appellee] Steve Hardin was informed of the arbitration dispute with USC and the time Hardin informed [Mr. Barton] that there may not be insurance coverage, [Vanquish] incurred substantial legal expenses in reliance that attorney's fees would be reimbursed.

Vanquish asserts that "under the facts deemed undisputed for purposes of a ruling on the summary judgment motions, the elements of duty, breach, causation and harm have been sufficiently established to preclude summary judgment." This assertion does not, however, constitute a valid appellate argument. Specifically, Vanquish fails to connect the foregoing facts (or any other undisputed facts) to the prima facie elements of its negligence claim. It is not this Court's role to construct a litigant's argument, and a party who constructs only a skeletal argument waives the issue. ***Sneed v. Bd. of Prof'l Responsibility of Supreme Court***, 301 S.W.3d 603, 615 (Tenn. 2010). Regardless, even if we assume, *arguendo*, that Vanquish met its burden to established the duty, breach, and injury elements of negligence, the section 56-7-135(a) statutory presumption would negate the element of causation; i.e., presuming that Mr. Barton read, understood, and accepted the contents of the insurance policy, there is simply no causal link between Mr. Hardin's later statements and an injury to Vanquish.

In its complaint, Vanquish also premises its negligence claim against Mr. Hardin on Mr. Hardin's alleged failure to procure sufficient insurance for Vanquish. Specifically, Vanquish alleged that Mr. Hardin "was negligent in that he failed to properly place coverage for those risks identified by the Plaintiff, directly resulting in and causing financial loss and harm to the Plaintiff." The following elements are required to make out a prima facie claim for failure to procure insurance:

> (1) an undertaking or agreement by the agent or broker to procure insurance;
> (2) the agent's or broker's failure to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly of any such failure; and (3) that the agent's or broker's actions warranted the client's assumption that he or she was properly insured.

***Morrison v. Allen***, 338 S.W.3d 417, 426 (Tenn. 2011) (quoting 43 Am. Jur. 2d *Insurance* § 163). A failure-to-procure insurance claim is available only against insurance agents or brokers and not against insurance companies. ***Id.*** at 426, 428. While Vanquish does not specifically address its failure-to-procure claim on appeal, it states in its brief that Mr. Hardin "misrepresented the insurance that was procured" after an evaluation of Vanquish's needs. Inasmuch as Vanquish intends to argue that summary judgment should not have been granted with respect to its failure-to-procure claim, that argument also fails on a statutory presumption. Tennessee Code Annotated § 56-7-135(b) states that: "The payment of premium for an insurance contract, or amendment thereto, by an insured shall create a rebuttable presumption that the coverage provided has been accepted by all insureds under the contract." Tenn. Code Ann. § 56-7-135(b). The Tennessee Supreme Court has held that this presumption "appl[ies] to actions against an insurance agent by insureds . . . for negligent failure to procure an insurance policy as directed." ***Parveen***, 613 S.W.3d at 122. It is undisputed that Vanquish paid all premiums on the policies; therefore, pursuant to section 56-7-135(b), Vanquish is presumed to have accepted the coverage under the contract. We further note that the undisputed proof indicates that the type of coverage

Vanquish sought (i.e., for intentional breach of contract) was not obtainable in the insurance market. No court can impose a legal duty on Mr. Hardin for his alleged failure to obtain the unattainable.

## C. Respondeat superior liability of ANPAC and Sentinel

Relying on the trial court's finding that, "At all times material to the present lawsuit, [Mr.] Hardin was acting as an agent," Vanquish argues that Sentinel and ANPAC are liable for Mr. Hardin's negligence in misinforming Vanquish about its insurance coverage. "In Tennessee, a principal may be held vicariously liable for the negligence of his or her agent, where the agent is acting within the actual or apparent scope of the agency." *Cox v. M.A. Primary & Urgent Care Clinic*, 313 S.W.3d 240, 251 (Tenn. 2010). However, if there is no negligence by the agent, then *ipso facto*, there is no vicarious liability on the part of the principal. Because we affirm the grant of summary judgment dismissing the negligent misrepresentation and negligence claims against Mr. Hardin, we necessarily affirm the grant of summary judgment in favor of Sentinel and ANPAC with respect to vicarious liability for those same claims.

Vanquish further argues that ANPAC and Sentinel are estopped from denying insurance coverage for Vanquish's legal expenses incurred in the arbitration with USC based on the Tennessee Supreme Court's holding in *Bill Brown Const. Co., Inc. v. Glens Falls Ins. Co.*:

> We reaffirm the long-standing rule in Tennessee that *any* contractual provision of a policy of insurance, whether part of an insuring, exclusionary, or forfeiture clause, may be waived by the acts, representations, or knowledge of the insurer's agent. Of course, the burden of proof, as in other cases, falls upon the insured to prove that a misrepresentation was made and that the insured reasonably relied upon that misrepresentation.

18 S.W.2d 1, 13 (Tenn. 1991). "[T]he insured has a valid right to expect coverage as promised by the insurer's agent. The doctrines of waiver and estoppel should be available to protect that interest, even though they have the effect of broadening the coverage of the policy." *Id.* at 11. While we question whether "broadening the coverage" of a policy could or should include creating coverage of a type that does not otherwise exist in the insurance market, we do not resolve that question here. In *Bill Brown*, the Court did not contemplate the presumption set forth in Tennessee Code Annotated section 56-7-135(a), which was enacted on May 10, 2012, more than twenty years after *Bill Brown* was decided.[5] Under the facts of the instant case, the insured, Vanquish, has not met its burden of proof to show

---

[5] Our holding in this case should not be read to conclude that § 56-7-135(a) conflicts with the holding of *Bill Brown*; rather, the statute adds a factor that, in some scenarios, is relevant to determine whether "the insured reasonably relied" upon a misrepresentation.

that it reasonably relied on a misrepresentation because it has not rebutted the presumption that it read, understood, and accepted the insurance coverage as set forth in its insurance contracts.

## IV. Conclusion

The judgment of the trial court is affirmed. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Vanquish Worldwide, LLC, for which execution may issue if necessary.

_____s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE
