IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2022 Session

**STEPHEN BOESCH v. JAY R. HOLEMAN, ET AL.**

**Appeal from the Chancery Court for Sevier County**
**No. 16-5-164**        **Telford E. Forgety, Jr., Chancellor**

———————————————————

**No. E2021-01242-COA-R3-CV**

———————————————————

This appeal concerns valuation of a business after a partner was disaffiliated. The plaintiff filed a complaint seeking permanent injunctive relief and damages from the defendants for wrongful disaffiliation from their flavored moonshine business. The trial court entered a judgment of $23,000 and interest, which included discounts for marketability and lack of control against the defendants and Crystal Falls Spirits, LLC, jointly and severally, pursuant to Tennessee Code Annotated section 61-1-701(b). The plaintiff appealed. We reversed and remanded the trial court's valuation of the plaintiff's interest because it included a discount for lack of control in violation of Tennessee Code Annotated section 61-1-701. The trial court revaluated the plaintiff's damages without the discount for lack of control and awarded him $35,000 and 2.5% interest from December 15, 2015. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Stephen Boesch, Sevierville, Tennessee, Pro Se appellant.

Brian T. Mansfield, Sevierville, Tennessee, for the appellees, Jay R. Holeman, Richard Fraser, and Crystal Falls Spirits, LLC.

# OPINION

## I. BACKGROUND

Stephen Boesch, Jay R. Holeman, and Richard Fraser formed a partnership to open a flavored moonshine distillery in Sevier County, Tennessee, in April of 2014. There was no written agreement determining the roles of the three partners in the business that came to be known as Tennessee Legend. Holeman and Fraser ("defendants") contributed financially to the start-up costs of the business and Boesch provided his expertise with the distilled spirits industry and HVAC support on a building used by the partnership. Boesch also provided the formulas used to make the flavored moonshine, although he contends that the formulas used by Tennessee Legend were his alone and not owned by the partnership.

It is undisputed that the partners intended to exercise equal control of the business. Despite this informal agreement, Holeman owned 100% of Crystal Falls, LLC ("Crystal Falls") the company doing business as Tennessee Legend. Boesch was never a member of the LLC out of concern that joining the LLC would violate a do-not-compete agreement Boesch had with another flavored moonshine company operating in Sevier County.

Holeman and Fraser disaffiliated Boesch from their partnership on December 15, 2015, after a few months of tension among the partners. Boesch claims that the other partners wrongfully expelled him from the business; the defendants contend that Boesch presented them with an ultimatum to choose Boesch or Fraser to leave. After Boesch left, the business continued to use the formulas Boesch provided and opened new retail locations.

Boesch sought permanent injunctive relief and damages from the other partners in May 2016. He claimed that the partnership was illegally using his formulas in violation of the Uniform Trade Securities Act and alleged fraud on behalf of the partners. Boesch also argued in the alternative that his partners breached their fiduciary duties by terminating him. He sought payment for his labor, industry skills, and formulas. The defendants denied stealing the formulas for the flavored moonshine and asserted that the partnership owned the formulas. They claimed that by voluntarily leaving, Boesch had relinquished his rights in Tennessee Legend.

The court allowed Crystal Falls to intervene as an indispensable party, and the company brought a complaint against Boesch alleging that insofar as the techniques and formulas used by the company are trade secrets, they are the property of Crystal Falls. The company sought to permanently enjoin Boesch from using or sharing those trade secrets. The court entered an agreed protective order that restricted the parties to only sharing information about the alleged trade secrets for the purposes of the litigation. Boesch filed a counterclaim stating that he was unaware that Crystal Falls had registered his formulas

and claimed in November 2017 that he was entitled to a one third interest in the businesses and their assets. Boesch also sought to dissolve the LLC. The parties disputed labor reimbursement, which party had the rights to the formulas, and the value of Boesch's one third interest in the partnership. After hearing testimony from both sides regarding labor costs and the alleged violation of Tennessee trade secrets law, the court held that Boesch was not able to meet the burden of proof required for either of those claims.

As for Boesch's interest in the partnership, the other members of the partnership agreed that it was their intention for Boesch to be a one third owner despite his name not being included in the LLC. Due to Boesch's de facto co-ownership of Tennessee Legend, the defendants agreed that they owed him damages based on one-third of the value of the partnership as if it had been sold on the day of disassociation. However, they disagreed on the amount owed to Boesch for the one-third interest. Each party submitted an expert to determine the one-third interest at the time Boesch became disaffiliated with the partnership. Boesch's expert, Robert Parker ("Parker"), relied on information from August of 2017 to create a calculation of value report of the business's worth, then discounted the amount to determine the price in December of 2015. He estimated that Boesch's interest was worth $258,000. Holeman's expert, Renee Harwell ("Harwell"), created a calculation of value report of the business's worth using information known in December of 2015, and discounted the value for a lack of control and a lack of marketability due to it being a one-third interest in a private business. Harwell determined the value of the business using the income approach, which determines worth of a business by its present and anticipated cash flow and is more applicable for valuation of a business as a going concern rather than an asset-based valuation that determines the cost of replacing the tangible assets of a business. Her calculation determined that the defendants owed Boesch $23,000 for his one third interest. The court concluded that Harwell's determination of value was more accurate and held that the defendants owed Boesch $23,000.

Boesch appealed the trial court's October 2015 judgment and raised, *inter alia*, the following issues: (1) whether the trial court erred by not finding a violation of the Tennessee Uniform Trade Secrets Act, (2) whether the trial court erred by not giving him one third share in Holeman's building, and (3) whether the trial court erred in determining the business's value for his buyout price. We held as follows:

> While a discount for lack of marketability as to the entire partnership business and not as to the minority partnership interest may be appropriate, a discount for lack of control by the minority partnership is inappropriate because the statute calls for determining value based on a sale of the *entire* business as a going concern. We note that under the Trial Court's ruling as affirmed by this Court, the formulas are an asset of the partnership and must be considered as such in the value determination of the entire partnership business. Only then can Boesch's one-third interest properly be determined. Harwell's report, extensive and informative though it is, does not contend

3

with Tenn. Code Ann. § 61-1-701. As the Trial Court's valuation decision was based upon Harwell's report applying a lack of control and lack of marketability discount to Boesch's minority partnership interest, we reverse the Trial Court's valuation of Boesch's interest in the partnership's business for purposes of Boesch's buyout price and remand for a new valuation determination consistent with Tenn. Code Ann. § 61-1-701. The proper date of valuation is December 15, 2015, the date of Boesch's disassociation. Pursuant to Tenn. Code Ann. § 61-1-701(b), Boesch is entitled to an award of interest from December 15, 2015 through the date of payment.

In sum, we reverse the Trial Court's valuation of Boesch's partnership interest. We remand for a new valuation that comports with Tenn. Code Ann. § 61-1-701. On all other issues, we affirm the judgment of the Trial Court.

*Boesch v. Holeman*, 621 S.W.3d 60, 74 (Tenn. Ct. App. 2020), *perm. app. denied* (Tenn. Jan. 14, 2021).

Upon remand, the trial court determined that the revaluation was the only issue it had the authority to resolve, as that was the only issue remanded to the court. At the hearing, Boesch brought his own testimony, testimony from Jay and Julie Holeman, and from his valuation expert, Parker. The defendants presented the testimony of their valuation expert, Harwell, who offered her modified Valuation Opinion Report that eliminated the previously added discount for lack of control. The court determined that the defendants provided the best estimate for Boesch's interest in the business as of December 15, 2015 at $35,000.00. Additionally, the court determined that Boesch was entitled to a 2.5% prejudgment interest on that amount from December 15, 2015 to September 28, 2021.[1] Boesch was also granted a 5.25% post judgment interest rate to begin after September 28, 2021. In total, the court granted a prejudgment interest of $5,063.80, which, when added to the principal amount equals $40,063.80. This amount was annually subject to a post judgment interest rate of 5.35%. Boesch filed a timely appeal.

## II. ISSUES

We restate the issues raised on appeal by Boesch as follows:

A. Whether the trial court erred in granting the defendants' motion in limine.

B. Whether the trial court erred in accepting the defendants' expert revaluation.

C. Whether the trial court erred in granting the prejudgment interest rate of 2.5%.

---

[1] Harwell opined a fair prejudgment interest rate would be between half of one percent and three and a half percent (0.5% to 3.5%).

## III. STANDARD OF REVIEW

Review following a non-jury trial is "*de novo* upon the record, accompanied by a presumption of correctness of the trial court's finding of fact, unless the preponderance of the evidence is otherwise." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012) (citing Tenn. R. App. P. 13(d); *Gautreaux v. Internal Med. Educ. Found.*, 336 S.W.3d 526, 532 (Tenn. 2011)). We may only reverse the factual findings of the trial court if the evidence presented necessitates a new finding of fact that is more persuasive than the evidence used to make the decision at the trial court. *Wood v. Starko*, 197 S.W.3d 225, 257 (Tenn. Ct. App. 2006) (citing *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001)). However, a trial court's conclusions of law are reviewed *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

A trial court's ruling on the admissibility of evidence is within the sound discretion of the trial judge. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). The courts are accorded a wide degree of latitude in their determination of whether to admit or exclude evidence. *Id.* The abuse of discretion standard of review "does not permit reviewing courts to second-guess" the trial court "or to substitute their discretion" for that of the trial court. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). An abuse of discretion occurs when a court " 'causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence.'" *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019) (quoting *Lee Med.*, 312 S.W.3d at 524).

## IV. DISCUSSION

### A.

Boesch argues that the trial court incorrectly granted the defendants' motion in limine because it contradicts the decision of this court to affirm all but the valuation, which we remanded to the trial court to revalue without a discount for lack of control. Boesch asserts that the motion in limine restricted the trial court from assessing his claim that the discount for lack of marketability was improper and from including in the valuation the revenue from retail locations built after his disassociation from the partnership. The defendants counter that they filed the motion in limine because it seemed likely that Boesch intended to retry the whole case rather than focus on the single issue of revaluation. The defendants also claim that Boesch failed to show any substantial right was affected by the motion in limine or that the trial court abused its discretion in granting the motion.

A motion in limine does not eliminate an opponent's claim like a motion for summary judgment would; it only narrows the evidence available for the opponent to use in making a claim. *Duran v. Hyundai Motor Am., Inc.*, 271 S.W.3d 178, 192 (Tenn. Ct. App. 2008). The defendants' motion in limine ensured Boesch only brought evidence relating to the revaluation of his interest in accordance with Tennessee Code Annotated section 61-1-701. The motion in limine did not restrict Boesch from bringing his claim that the discount for lack of marketability should be removed from his damages; rather, it only ensured that the evidence presented was relevant to the revaluation.

To the extent that Boesch is arguing that the court erred in granting the motion in limine, he did not provide the requisite evidence to prove the assertion. Parties must provide evidence that a substantial right was affected by the court excluding evidence in order to claim an erroneous ruling. Tenn. R. Evid. 103. Boesch did not cite any evidence that he was barred from presenting or substantial rights that were affected by the court granting the motion in limine. He has not revealed what evidence he was actually precluded from introducing and how the exclusion harmed or impacted his case. We find no abuse of discretion.

As to Boesch's contention that the revenue from retail locations that opened after December 15, 2015 should be included in the valuation to determine his interest, Boesch wished to include the revenue from stores that opened after December 15, 2015, because there was intention to build a second store at the time of disaffiliation. A partner's buyout price after disassociation is determined by the amount that would have been distributable to the dissociated partner on the day of disassociation if the assets of the business had been sold on that day. Tenn. Code Ann. § 61-1-701. Therefore, revenue from retail locations that did not exist at the time of disassociation may not be included in the determination of Boesch's interest. This court affirmed the original trial court's decision that December 15, 2015, is the correct date for valuing Boesch's interest. *Boesch*, 621 S.W.3d at 74. Changing the valuation date is beyond the scope of the question presented in this appeal regarding revaluation of Boesch's interest to comport with Tennessee Code Annotated section 61-1-701.

B.

Boesch contends that the trial court did not properly value his formulas pursuant to the income-based method of business valuation. This court previously accepted the defendants' expert valuation that used the income-based approach to determine the value of the business as a going concern. *Boesch*, 621 S.W.3d at 74. In this style of valuation, the value of a business is determined by the profits available for distribution to the owners, not from the value of tangible assets. The income-based approach to valuation includes the value of the formulas because the product created by the formulas generates the revenue used to determine the value of the business. Boesch's contributions to the business are

similarly reflected in this valuation method because it determines the value of the business based on revenue created by the joint efforts of the partners.

Boesch appears to call for a complete recalculation of Harwell's valuation due to alleged inaccuracies in the original calculation. We presume the correctness of the trial court's findings of fact. *Rogers*, 367 S.W.3d at 204 (citing Tenn. R. App. P. 13(d); *Gautreaux,* 336 S.W.3d at 532). In order to usurp this presumption of correctness, Boesch would need to present evidence that is more persuasive than the evidence used to make the decision in the trial court. *Wood,* 197 S.W.3d at 257 (citing *Rawlings,* 78 S.W.3d at 296). This he has not done. Our review confirms that Harwell provided the court with a fully supported, properly calculated valuation in conformity with our previous instructions and within the parameters of Tennessee Code Annotated section 61-1-701. Therefore, this court accepts the calculations presented in Harwell's valuation.

C.

Boesch objects to the 2.5% prejudgment interest rate set by the trial court. Prejudgment interest is determined "in accordance with the principles of equity at any rate not in excess of the maximum effective rate of 10% per annum." Tenn. Code Ann. § 47-14-123. The 10% maximum interest rate can only be increased for written contracts that have an applicable formula or when there is a specific rate for certain types of creditors, lenders, or transactions. Tenn. Code Ann. § 47-14-103. Boesch does not qualify for an increased rate. We will not overrule the decision of the trial court on an award of prejudgment interest unless "the record reveals a manifest and palpable abuse of discretion." *Story v. Lanier*, 166 S.W.3d 167, 179 (Tenn. Ct. App. 2004) (quoting *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998)).

The interest rates Boesch provided were well above the 10% maximum set by statute and do not fall under the categories in the exception to the maximum rate. Boesch did not provide new evidence to determine a revised prejudgment interest rate and did not offer evidence that was more persuasive than the evidence the trial court used to make its decision. Further, Boesch has failed to establish that the trial court in any way abused its discretion. Accordingly, we find the 2.5% simple interest rate is a reasonable award within the statutory bounds of prejudgment interest calculation.

## V. CONCLUSION

The judgment of the trial court is affirmed and remanded. Costs of the appeal are taxed to the appellant, Stephen Boesch.

_____
JOHN W. McCLARTY, JUDGE

7